IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dorothy Hutchinson and Carolyn Ellis, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 12 C 5102 |
| Razor Capital, LLC, a Minnesota limited liability company, Mercantile Adjustment Bureau, LLC, a New York limited liability company, and Frontline Asset Strategies, LLC, a Minnesota limited liability company, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiffs, Dorothy Hutchinson and Carolyn Ellis, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Dorothy Hutchinson ("Hutchinson"), is a citizen of the State of California, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a GE Money Bank/QVC account, despite the fact that she was

represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Plaintiff, Carolyn Ellis ("Ellis"), is a citizen of the State of Texas, from whom Defendants attempted to collect a delinquent consumer debt she allegedly owed for a GE Money Bank/JC Penney account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's LASPD program, located in Chicago, Illinois.

5. Defendant, Razor Capital, LLC ("Razor"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Razor operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Razor was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant, Mercantile Adjustment Bureau, LLC ("MAB"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. MAB operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant MAB was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendant, Frontline Asset Strategies, LLC ("Frontline"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Frontline operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Frontline was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

8. Defendant Razor is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

9. Defendants Razor, MAB and Frontline are authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Razor, MAB and Frontline each conduct substantial business in Illinois.

10. Defendants Razor, MAB and Frontline are licensed as debt collection agencies in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants Razor, MAB and Frontline each act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

**Ms. Dorothy Hutchinson**

11. Ms. Hutchinson is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a GE Money

Bank/QVC account. At some point in time after that debt became delinquent, Defendant Razor bought Ms. Hutchinson's GE Money Bank debt, and when Defendants Razor and Frontline began trying to collect the GE Money Bank debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

12. Specifically, Defendants Razor and Frontline sent Ms. Hutchinson an initial form collection letter, dated June 20, 2011, which demanded payment of the GE Money Bank debt from Ms. Hutchinson. A copy of this collection letter is attached as Exhibit C.

13. Accordingly, on June 30, 2011, one of Ms. Hutchinson's attorneys at LASPD informed Defendants Razor and Frontline, via e-mail, that Ms. Hutchinson was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Hutchinson was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this e-mail and letter are attached as Exhibit D.

14. Either Defendant Razor ignored this notification, or Defendant Frontline failed to provide this information to Razor. Either way, Defendant Razor then had Defendant MAB send Ms. Hutchinson a collection letter, dated April 27, 2012, which demanded payment of the GE Money Bank debt. A copy of this collection letter is attached as Exhibit E. If Frontline properly notified Razor, then it will be dismissed from this Complaint and, if not, it should be held liable for the other Defendants' subsequent actions.

15. Accordingly, on May 17, 2012, Ms. Hutchinson's LASPD attorney again

4

sent Defendants a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

**Ms. Carolyn Ellis**

16.     Ms. Ellis is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to GE Money Bank/JC Penney. At some point in time after that debt became delinquent, Defendant Razor bought this debt, and when Defendants Razor and Frontline began trying to collect the GE Money Bank debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

17.     Specifically, Defendants Razor and Frontline sent Ms. Ellis an initial form collection letter, dated June 20, 2011, demanding payment of the GE Money Bank/JC Penney debt. A copy of this collection letter is attached as Exhibit G.

18.     Accordingly, on July 24, 2011, one of Ms. Ellis' attorneys at LASPD informed Defendants Razor and Frontline that Ms. Ellis was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Ellis was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit H.

19.     Either Defendant Razor ignored this notification, or Defendant Frontline failed to provide this information to Razor. Either way, Defendant Razor then had Defendant MAB send Ms. Ellis a collection letter, dated April 27, 2012, which demanded payment of the GE Money Bank debt. A copy of this collection letter is attached as

Exhibit I.  If Frontline properly notified Razor, then it will be dismissed from this Complaint and, if not, it should be held liable for the other Defendants' subsequent actions.

20.     Accordingly, on May 21, 2012, Ms. Ellis' LASPD attorney again sent Defendants a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit J.

21.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

22.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

23.     Plaintiffs adopt and reallege ¶¶ 1-22.

24.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

25.     Here, the letters from Ms. Hutchinson's and Ms. Ellis' agent/attorney, LASPD, told Defendants to cease communications and cease collections.  By continuing to communicate regarding these debts and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

26.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for

6

actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

27. Plaintiffs adopt and reallege ¶¶ 1-22.

28. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

29. Defendants knew, or readily could have known, that Ms. Hutchinson and Ms. Ellis were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendants, in writing, that Ms. Hutchinson and Ms. Ellis were represented by counsel, and had directed a cessation of communications with Ms. Hutchinson and Ms. Ellis. By directly sending collection letters to Ms. Hutchinson and Ms. Ellis, despite being advised that they were represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

30. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violations Of § 1692f Of The FDCPA --
### Use of Unfair or Unconscionable Collection Means

31. Plaintiff adopts and realleges ¶¶ 1-22.

32. Section 1692f of the FDCPA prohibits a debt collector from using any

unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f(1).

33. Defendant Frontline's failure to notify Defendants Razor and MAB that the accounts were subject to cease collections and cease communications notices, and attorney representation notices, or Defendants Razor's and MAB's failure to take head of those notices, constitutes the use of unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

34. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Dorothy Hutchinson and Carolyn Ellis, pray that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs Hutchinson and Ellis, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Dorothy Hutchinson and Carolyn Ellis, demand trial by jury.

Dorothy Hutchinson and Carolyn Ellis,

By: /s/ David J. Philipps
One of Plaintiffs' Attorneys

Dated: June 26, 2012

8

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com